980 F.2d 733
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
George N. GRABAVOY, Petitioner-Appellant,
v.
COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.
 No. 91-3628.
 United States Court of Appeals, Seventh Circuit.
 Submitted Nov. 18, 1992.*
Decided Dec. 9, 1992.
 
 Before BAUER, Chief Circuit Judge, CUMMINGS, Circuit Judge, and FAIRCHILD, Senior Circuit Judge.
 
 ORDER
 
 1
 Taxpayer George Grabavoy appeals from a decision of the Tax Court. Although the decision dismissed Dr. Grabavoy's case for failure to prosecute, it granted him partial relief on some issues in line with offers made by the Commissioner. It also awarded the United States a penalty for delay, 26 U.S.C. § 6673, in the amount of $10,000.
 
 
 2
 On September 8, 1986, the Commissioner issued a deficiency notice concerning tax year 1982. The Commissioner had determined a deficiency of $172,501.50, an addition of $17,250 for substantial understatement of tax (26 U.S.C. § 6661), and an addition of $8,625 and 50% of the interest on the deficiency, both for negligence (§ 6653(a)(1) and (2) (1982)). In the main, the Commissioner had disallowed a claimed loss of $249,518 from tax shelter transactions with Hillcrest Securities, and claimed dental practice expenses of $177,749. The notice also provided for a rate of interest under § 6621(d). The disallowance of the Hillcrest loss became known as the "Hillcrest issue," which was common to over 1,000 taxpayers, including Dr. Grabavoy.
 
 
 3
 The Tax Court decision, August 7, 1991, determined a tax deficiency of $107,002.20 (reflecting the Commissioner's offer to allow $131,000 dental practice expenses), an addition of $10,700 under § 6661, an addition of $5,350 and 50% of the interest on the deficiency under § 6653(a)(1) and (2) (1982). It also decided, that the rate of interest under former § 6621(d) is applicable, and in line with the Commissioner's settlement policy on the Hillcrest issue, that any subsequent Hillcrest gain "will be netted against the Hillcrest loss."
 
 
 4
 On this appeal, Dr. Grabavoy contends that he accepted the Commissioner's offer of settlement of the Hillcrest issue, made generally to the very large number of taxpayers contesting disallowance of claimed Hillcrest losses. That offer included concession by the government of additions to tax under §§ 6653(a)(2) and 6661. Dr. Grabavoy argues that he was entitled to that concession because he had indicated acceptance of the Hillcrest settlement and therefore the Tax Court should not have decided he owes those additions, at least to the extent they are computed on the claimed Hillcrest losses.
 
 
 5
 He also argues that there is no support for the Tax Court finding that his "charted course of conduct has been to delay these proceedings with the ultimate result of delaying payment." He challenges the $10,000 penalty under 26 U.S.C. § 6673, which rests upon that finding.
 
 
 6
 Dr. Grabavoy seems to contend that he and the Commissioner had reached an agreement to settle the Hillcrest issues regardless of whether the other issues were ultimately settled or tried. The Tax Court evidently thought otherwise, and the record does not support Dr. Grabavoy's contention as a matter of law.
 
 THE ALLEGED SETTLEMENT
 
 7
 There is a letter dated August 1, 1988 containing the offer made generally to some 1,000 petitioners with a Hillcrest issue. One term of the offer was, "A Form 906, which embodies the terms of the Hillcrest settlement offer, will be required to be executed by the parties with respect to the settlement." Dr. Grabavoy put in the record a copy of a letter dated August 20, 1988, saying that he would accept the Hillcrest settlement provisions and presumed that non-Hillcrest issues will be settled separately. The letter was addressed to an IRS official different from the one who signed the August 1 letter. No agreement was executed. The August 1 letter was sent to some 1,000 taxpayers, each of whom may have been raising his own non-Hillcrest issues. The August 1 general letter did not, understandably, offer a resolution of non-Hillcrest issues, but it is reasonable to suppose that the government would not have executed a formal agreement with any taxpayer as to the Hillcrest issue without satisfactory assurance of cooperation, at least, in disposition of that taxpayer's non-Hillcrest issues.
 
 
 8
 On January 30, 1990, Judge Powell, Special Trial Judge, entered an order reciting a decision to schedule the many Hillcrest cases for pre-trial hearings on a regional basis. Dr. Grabavoy's pre-trial hearing was scheduled for Chicago on March 14, 1990 "to determine whether petitioner desires to continue this litigation, and, if so, to determine the most expeditious manner for proceeding." It was further ordered "that if petitioner does not appear at this hearing, unless a basis of settlement between the parties has been reached by February 28, 1990, the case will be dismissed for failure to prosecute, and a decision will be entered in the amount determined by respondent in the notice of deficiency."
 
 
 9
 An accompanying general notice referred to the Commissioner's settlement position in the Hillcrest cases, and gave the name, address, and telephone number of the official to be contacted. Dr. Grabavoy failed to appear on March 14, but filed a "response to order" in which he advised that respondent's settlement offer regarding Hillcrest had been accepted by him, and he expected no further litigation on that issue.
 
 
 10
 Ultimately, on November 21, 1990, Judge Powell entered an order setting the case for trial on the non-Hillcrest issues on January 7, 1991.
 
 
 11
 Dr. Grabavoy relies on a statement in the November 21 order as if it were a finding that there had been an agreement to all the terms of the offered Hillcrest settlement, regardless of what happened to other issues. The passage was:
 
 
 12
 Petitioner has repeatedly stated that the Hillcrest issue has been settled. That issue, therefore, is deemed to have been conceded consistent with respondent's nationwide settlement offer. We assume that all other issues raised in the notice of deficiency are not settled. Accordingly, we will set this case for trial on those issues.
 
 
 13
 The court was at least explaining why the trial would not include the merits of the Hillcrest issue. It is ambiguous as to whether the court was deciding that both parties were bound by all the terms of the Hillcrest offer, including concession by the Commissioner of the two penalty items of which Dr. Grabavoy complains. Later in the order Judge Powell ordered Dr. Grabavoy to attend, in person, a pretrial conference before December 21, 1990. The order went on that if Dr. Grabavoy failed to comply, the case would be dismissed "and a decision will be entered based upon the deficiency and additions to tax determined by respondent." Under the circumstances, no agreement having ever been executed, we are not persuaded by Dr. Grabavoy's interpretation. We conclude that he is not entitled to have us vacate the additions to tax under §§ 6653(a)(2) and 6661 (1982).
 
 THE $10,000 PENALTY
 
 14
 Dr. Grabavoy appeared at trial January 7, 1991. He was accompanied by his accountant, but was unprepared to go forward with his evidence supporting his claimed deductions of business expenses. The hearing was continued to the next day, but he was still not ready. The Commissioner filed his motion for sanctions under 26 U.S.C. § 6673.
 
 
 15
 26 U.S.C. § 6673 provides that whenever it appears to the Tax Court that proceedings before it have been instituted or maintained by the taxpayer primarily for delay, the Tax Court may require the taxpayer to pay to the United States a penalty not in excess of $25,000.
 
 
 16
 The decision of the Tax Court sets forth a number of instances when Dr. Grabavoy failed to cooperate in settling the case or at least narrowing the issues for trial. These are failures to attend pre-trial conferences ordered by the court, conferences arranged but not attended, an unfulfilled assurance that the case would be settled, and failures to follow the court's directions to prepare for trial. The record fully supports the recitations in the decision.
 
 
 17
 Dr. Grabavoy contends that the penalty is excessive and also that the IRS is responsible for the delay, and any penalty should be imposed on the Commissioner. We agree, however, with the Tax Court in saying, "[T]here is also no question that petitioner's dilatory tactics have had the effect of harassing respondent and caused the Court to expend judicial time that obviously could have been spent in a more productive manner." The relationship between the amount of penalty and the unproductive official effort caused by Dr. Grabavoy is not unreasonable.
 
 
 18
 The Tax Court's decision to impose a $10,000 penalty for maintaining the proceeding primarily for delay is not clearly erroneous nor an abuse of discretion.
 
 
 19
 The judgment is AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). No such statement having been filed, the appeal is submitted on the briefs and record